*BERMUDEZ* vs. *IBANEZ.*  FALL 1812.

I. District.

REAL property being seized, on a *fi' fa'*, the parties appointed appraisers, and these being unable to agree, it became necessary to appoint an umpire. Some difficulty arising in this, it was got over, by putting the names of three persons in a hat, and the determination left to chance. 1805, *ch.* 15, *Civil Code*, 490, *art.* 3.

*Appraisers cannot cast lots for the appointment of an umpire.*

ON affidavit of this, and that the person chosen was the personal enemy of the person whose land was seized :

*By the Court.* The appointment was improperly left to chance. The sheriff is to appoint, if the appraisers cannot agree.

*Prevost* for plaintiff.
*Ellery* for defendant.

------- ❖ -------

*TREMOULET* vs. *TITTERMARY.*

THE plaintiff claimed damages for some injury, which his goods had received on board of the defendant's vessel, through his neglect or that of the crew.

THE defendant offered in evidence a certified copy from the book of the master and wardens of the port of New-Orleans.

*Certified copy of the book of the master and wardens of the port of N. Orleans, received in evidence.*

ALL  1812.
I. District.

TREMOULET
vs.
TITTER-
MARY.

*Depeyster*, for the plaintiff.    It cannot be read;
the book itself should be produced.

*Hennen*, contra.    The act of 1805, *ch.* 24,
provides that the master and wardens shall keep
an office in the city of New-Orleans, and shall
cause to be made in a book, to be kept by them,
an entry of all their proceedings under that act, to
which all persons may have recourse, *sect.* 9.    The
same act constitutes them surveyors of damaged
goods, brought into the port of New-Orleans, in
any ship or vessel.    They are farther directed to
cause entries to be made in a book, to be kept in
their office for that purpose, and to issue certifi-
cates. *sect.* 11.

Now this book is to be kept in their office, and
all persons to have recourse to it.    This recourse
must, necessarily, be to procure evidence from it;
and this cannot be done, unless extracts are ob-
tained therefrom, and permitted to be used.    As
the book is directed to be kept in the office, it can-
not be transported for examination to a distant
court, within the state.    Neither would any court
sitting in the city, order the production of it, in
ordinary cases.

CERTIFICATE READ.

A DEPOSITION was offered, at the foot of
which the adverse counsel had written his consent
to its being read.    The reading of it was, how-

ever, opposed, on the authority of the case of *Phi-* <span style="float:right">FALL 1812.<br>I. District.</span>
*libert* vs. *Woods*, *ante* 204, because it had remained open, in the possession of the party, for whose benefit it was taken.

<span style="float:right">TREMOULET<br>*vs.*<br>TITTER-<br>MARY.</span>

*By the Court.* The counsel consented to the reading of the deposition absolutely. He put no condition to his consent.

<div align="center">DEPOSITION READ.</div>

<div align="center">CLARK vs. STACKHOUSE.</div>

THIS suit was brought to recover the amount of a check of the defendant, which had been refused at the bank.

THE check was made payable *to H. M. & Co's. note, or bearer*, and the defendant's clerk proved that a check of that amount, which he believed to be the one presented to him, was drawn by the defendant, and delivered to him to go with a Mr. *Hoyle*, of the house of Hoyle, Miles & Co. to the bank, and take up a note of theirs endorsed by the defendant—that, arriving too late at the bank, they were told the note had been sent to the notary to be protested, that the bank hours being over, and the check being before the witness, *Hoyle* took it up, and said he would go and take up the note therewith.

*Hoyle* next deposed, that he gave the check to the plaintiff, on the Monday following, towards

<div style="float:right; width:30%">Check, received from a person who obtained it unfairly, will entitle the party to recover on it, if he took it without any knowledge.</div>